AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

CENTRAL District of ILLINOIS

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| REBECCA SHOE | Case Number: 16-30035-001 |
| | USM Number: 21730-026 |
| Date of Original Judgment: 9/14/2018 | Douglas J. Quivey |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC § 1341 | Mail Fraud | 2/20/2014 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s)  2, 3, and 4   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/18/2018
Date of Imposition of Judgment

s/Sue E. Myerscough
Signature of Judge

SUE E. MYERSCOUGH,       U.S. District Judge
Name of Judge            Title of Judge

10/18/18
Date

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: REBECCA SHOE
CASE NUMBER: 16-30035-001

Judgment — Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of

8 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

1. That the defendant serve her sentence in a facility as close to Fayetteville, North Carolina, as possible.
2. That any subsistence fee assessed by community confinement facility is waived.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☑ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
          Sheet 3 — Supervised Release                                                             (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: REBECCA SHOE                                    Judgment—Page  3  of  6
CASE NUMBER: 16-30035-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
       The defendant must comply with the following conditions:

1. The defendant shall not knowingly leave the judicial district in which she is approved to reside without the permission of the Court or probation officer, who shall grant permission unless the travel would significantly hinder her rehabilitation.

2. The defendant shall report to the probation officer in a reasonable manner and frequency as directed by the Court or probation officer.

3. The defendant shall follow the instructions of the probation officer as they relate to her conditions of supervision. She shall answer truthfully the questions of the probation officer as they relate to her conditions of supervision, subject to her right against self-incrimination.

4. The defendant shall notify the probation officer at least ten days prior to, or as soon as she knows about, any changes in residence, or any time she leaves a job or accepts a job, or any time she changes from one position to another at her workplace.

5. The defendant shall permit a probation officer to visit her at home between the hours of 6 a.m. and 11 p.m., at her place of employment while she is working, or at the locations of her court-ordered treatment providers. Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that she is in violation of a condition of supervised release or if she or a third party has reported that she is unable to comply with a directive of the probation officer because of illness or emergency.

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent her from invoking her Fifth Amendment right against self-incrimination.

7. The defendant shall not knowingly possess a firearm, ammunition, destructive device as defined in 18 U.S.C. § 921(a)(4), or any object that she intends to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: REBECCA SHOE
CASE NUMBER: 16-30035-001

Judgment—Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

8. As long as ordered restitution remains outstanding, the defendant shall provide the U.S. Probation Office access to any requested financial information under her control, including her personal tax returns and, if applicable, her business tax returns.

9. As long as ordered restitution remains outstanding, the defendant shall not open additional lines of credit or incur any new debts in excess of $500 without prior approval of the U.S. Probation Office.

10. The defendant shall not obtain employment at any place where she will be involved in the management or handling of cash, credit, or any other financial instruments, without prior approval of the Court and without disclosing information regarding her federal conviction to her employer.

AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: REBECCA SHOE
CASE NUMBER: 16-30035-001

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 49,023.93 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Knapheide Manufacturing Company | $49,023.93 | $49,023.93 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 49,023.93 | $ 49,023.93 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for    ☐ fine   ☑ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 09/11) Amended Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: REBECCA SHOE
CASE NUMBER: 16-30035-001

Judgment — Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ 49,123.93    due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

   Defendant paid in full the mandatory $100 special assessment; receipt number 34626010733. Upon release from confinement, Defendant shall make monthly payments of at least 50% of her disposable income per month during the entire term of supervised release or until the restitution obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.